995 So.2d 636 (2008)
Ray WORTHY and Dockerloaders and Unloaders Union
v.
James McCLELLAND, City of New Orleans Police Department, and XYZ Individuals.
No. 2006-CA-1575.
Court of Appeal of Louisiana, Fourth Circuit.
April 2, 2008.
James L. Bates, Jr., Law Office of James L. Bates, Jr., Metairie, LA, for Ray Worthy.
Julie Richard-Spencer, Robein Urann Spencer Picard & Cangemi, APLC, Metairie, LA, for James McClelland.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
EDWIN A. LOMBARD, Judge.
The plaintiffs, Ray Worthy and the Dockloaders & Unloaders Union, appeal the trial court judgment in favor of defendant, James McClellan, Vice President of the International Longshoreman's Association ("ILA")[1] and, on cross-appeal, the defendant challenges the trial court judgment casting the defendant with all costs of the proceedings. After a review of the *637 record in light of the applicable law and arguments of the parties, we affirm in part and vacate in part.

Relevant Facts and Procedural History
Ray Worthy, a longshoreman since 1977, became President of Dockloaders & Unloaders Union of Freight Cars, local ILA affiliate No. 854, in 1989. In October 2003, the ILA revoked the charter of ILA Local 854 and the defendant James McClellan was appointed by the President of the ILA to act as his agent "to take charge and control over the books, records, property and affairs of Local 854 effective immediately," pursuant to its relevant constitutional provision, Article XVI, § 8, which provides that
In the event that ... a Local Union is expelled, dissolved, reorganized, consolidated, secedes, or withdraws from the ILA, all of the books, records, funds, property and assets of such Local Union shall revert to the ILA and shall be delivered to the International Secretary-Treasurer forthwith, to be held by him until final disposition of the same by the Executive Council
Accordingly, defendant McClellan, with the aid of officers of the New Orleans Police Department forcefully seized the property and changed the locks, dispossessing the plaintiffs.
On November 3, 2003, Mr. Worthy, individually and on behalf of the Dockloaders & Unloaders Union (hereinafter "the Dockloaders") filed suit against defendants James McClellan and the City of New Orleans Police Department, claiming the defendants' actions constituted conversion and wrongful seizure of property. After the City was dismissed on summary judgment, the matter proceeded to a bench trial in February 2005. On July 10, 2006, the judgment was rendered in favor of the defendants but, based on the "defendants' unscrupulous manner", the trial judge cast the defendant with all costs of the proceedings. In her reasons for judgment, the trial judge found that Mr. Worthy's individual claim was without merit based on the lack of evidence that he was either an owner or tenant of the Marigny Street property and the showing made that he was given ample opportunity to retrieve his personal items from the premises but chose not to do so. With regard to the claim made on behalf of the Dockloaders, the trial judge found that the evidence established that while the Dockloaders, as Local Union No. 854, was an affiliate of the of the ILA, it remained a separate entity from the ILA and, accordingly, Mr. Worthy had standing to bring suit on behalf of the Dockloaders because his expulsion from the ILA 854 did not constitute an expulsion from the Dockloaders. The trial judge also found that the state claims made on behalf of the Dockloaders were not preempted by federal law because, as previously noted by a federal judge in conjunction with the defendants' failed attempt to remove the matter to federal court, the state claims did not implicate, or necessitate an interpretation of, the labor contract. Finally, the trial judge found that because the plaintiffs failed to prove ownership of the Marigny Street property as a prerequisite of their conversion claim, judgment must be rendered in favor of the defendants.

Discussion
On appeal, the plaintiffs argue that the trial court erred (1) in failing to find that Mr. Worthy was entitled as a tenant to due process under the law; (2) in failing to find that, seizure of the property was wrong irrespective of ownership of the property; and (3) in failing to find that the Dockloaders owned the building, assuming that the ownership claim of ILA Local 854 was valid, and in upholding the seizure and the method of seizure of the property.
*638 On cross-appeal, the defendants argue that (1) the trial court erred in holding that a claim of conversion is applicable to real property; and (2) the trial court abused its discretion in awarding costs to the plaintiff even though he did not prevail at trial.

Ray Worthy's Claim
Mr. Worthy does not challenge the trial judge's analysis of his conversion claim but, instead, attempts to challenge the defendants' actions on due process grounds. Because this court does not consider an issue raised for the first time on appeal, we pretermit any discussion of the due process issues involved in the defendants' actions.

Dockloaders' Claims
A review of the evidence in the record on appeal reveals the following: In 1913, upon receipt of an "Application for Charter" and application fee of $25, the ILA granted a charter to the "Dock Loaders and Unloaders of Freight Cars Union," designating the new affiliate as Local 854 but that in 1916, the Dockloaders and Unloaders of Freight Cars Union was incorporated by notarial act,[2] indicating that the local entity was not subsumed by its affiliation with the national union. In 1972, the building located at 4204 Marigny was purchased by an Act of Sale which refers to the purchasers as the "Dock Loaders and Unloaders of Freight Cars and Barges, Local 854, ILA, CIO., A corporation organized and existing under the laws of the State of Louisiana, as per act of incorporation before John J, [sic] McCloskey, Notary Public, dated February 8th, 1916." (emphasis added). In 1985, a notarial act of correction was filed on September 6, 1985, and registered in Conveyance Office of Orleans Parish, Book 803, Folio 452, declaring that the name of the purchaser was erroneously set forth in the 1972 Act of Sale and should have been recited as "the Dock Loaders and Unloaders of Freight Cars." Further, the Act of Correction stated that there is no such entity as "the Loaders and Unloaders of Freight Cars and Barges, Local 854, A.F.L. C.I.O. a/ka/ The Dock Loaders and Unloaders of Freight Cars and Barges, Local 854, I.L.A. C.I.O. and that the correct name was set forth in the 1916 articles of incorporation of said entity, dated February 1916, before John McCloskey and recorded in Orleans Parish, Louisiana at M.O.B. 1195, Folio 284. The only evidence offered by the defendants as proof of ownership of the Marigny Street property is 1972 Board Meeting Notes which make reference to a possible purchase of the Marigny Street property.
Thus, based on our review of the record, ownership of the Marigny Street property appears to be problematic. The Louisiana Civil Code provides a specific format for resolution of this sort of problem involving resolution of property ownership issues. Specifically,"[t]he owner of a thing is entitled to recover it from anyone who possesses or detains it without right and to obtain judgment recognizing his ownership and ordering delivery of the thing to him." La. Civ.Code art. 526 (emphasis added). "The possessor, whether in good or in bad faith, may retain possession of the thing until he is reimbursed for expenses and improvements which he is entitled to claim." La. Civ.Code art. 529. "On[e] who claims the ownership of an immovable against another in possession *639 must prove that he has acquired ownership from a previous owner or by acquisitive possession. ...." La. Civ.Code art. 531.
Accordingly, under the Louisiana Civil Code, the first step in recovering property should be obtaining judgment recognizing title and ordering delivery of the property. Clearly, neither party followed this procedure before acting.[3] In the instant case, the Dockloaders failed to obtain a determination of ownership prior to instituting a claim based upon ownership and then failed to present definitive proof of ownership to support its claim. As the trial judge recognized, the preliminary determination in a conversion claim must be the ownership of the property but, although there is some evidence to suggest the Dockloaders' claim of ownership has merit, the Dockloaders failed to come forward with sufficient evidence to resolve the issue. It is undisputed that the burden of proof is on the plaintiff and, accordingly, there is no error in the trial court's determination that the Dockloaders failed to sustain its burden of proof at trial.
Finally, the defendants are at fault for seizing the property without first obtaining the appropriate judgment and order, but the plaintiffs are equally blameworthy for failing to institute the appropriate judicial proceedings to resolve the ownership issue. Under these circumstances, it was an abuse of discretion to cast the defendants with all costs of the proceedings.

Conclusion.
We affirm the judgment on the merits in favor of the defendants and vacate the portion of the judgment casting the defendants with all costs; each party to bear its own costs.
AFFIRMED IN PART; VACATED IN PART.
NOTES
[1] The City of New Orleans Police Department was initially named as a defendant, but the City's motion for summary judgment was granted on March 2, 2005 and the City is no longer a party to this litigation.
[2] A blurred copy is in the record as an attachment to the plaintiff's notice of appeal filed on June 10, 2005, from the judgment of the trial court denying plaintiff's motion for summary judgment on March 2, 2005. Although it is not a verified or authenticated copy, the 1985 notarial correction specifically states where the original may be found.
[3] As Article XVI, § 8 of the ILA Constitution, proffered by the defendant's as authority for the seizure, does not pre-empt Louisiana state law or judicial process, it also appears that the defendants short-circuited the judicial process by forcefully taking possession of the property without obtaining a judgment recognizing title and ordering delivery of the property.